Good morning, Your Honors. May it please the court, my name is David Su, counsel for petitioner in this case. The issue in this case is whether the immigration judge has jurisdiction over petitioner's asylum application or whether TVPRA, the Trafficking Victim Protection Reauthorization Act applied in this case. The BIA's position is the act does not apply. Our position is the BIA's position is clearly erroneous and even the government in its brief did not support the BIA's position in this regard. The reason... To cut to the chase, the real question is did the IJ and then the BIA make a mistake such that we can reverse or grant the petition as to how old he was? Yes, Your Honor. The BIA's position is since the petitioner turned, became 18 years old in August 2007, before TVPRA was enacted, the law does not apply to the petitioner, but the law says the only asylum office of the USCIS has jurisdiction over asylum applications filed by minors, including those in January 2007 before the immigration judge in removal proceedings. And his case was still pending on December 23rd. But the question is, I understand all that, but the issue is how old was he at the relevant time, i.e. when he was apprehended at the border and whether the IJ and BIA could rely on the I-213, which said, which if you calculated it, he would have been over 18 at that time. Yes, Your Honor, but I believe the BIA already accept the fact or accept the petitioner's claim that he was born in August 1989, because the BIA said he became 18 years old in August 2007. But as for whether the IJ or the BIA can rely on the statement he made to the immigration officer at the border, the petitioner never stated or testified that he told the immigration officer he was born in August 1987. He did say, though, I believe at a May 2006 hearing, when asked how old he was, he said he was 18. Yes, Your Honor, that was at the border, he said he wrote down his birth date of birth. I understand that, but I'm saying that later than that, at an immigration court hearing, when asked how old he was, he said he was 18. Is that right? Yes, Your Honor, but according to the Chinese culture, when a person was born, he was one year old already. So that was not accurate. Let me ask, what are you seeking to accomplish here? What is the purpose? What relief are you asking for? Your Honor, I think the IJ or the immigration judge does not have jurisdiction. So let's say we grant your petition. We grant the petition. What happens when it goes back? They go to the asylum office. And what do they do? They would have an asylum interview with the petitioner and decide. Well, the IJ here went, you know, the IJ here made an alternative ruling that he found your client not credible. Yes, Your Honor, but. So what would the asylum office do with that? The asylum office, the officer will determine whether petitioner is eligible for asylum because. The only thing that you're doing is getting a different decision maker initially, but then you can still come back to the same IJ, right? That's correct, Your Honor. I mean, in other words, if he just whatever the asylum officer decides, the DHS can still contest it and go back to the IJ on the asylum question. Is that right? Yes, Your Honor. So I don't quite understand what. So the whole purpose would be to send this back to the immigration court so that it can be referred to the asylum officer? Yes, Your Honor, because the asylum office may grant the asylum. And then that would be it. Yes, Your Honor. He would get asylum. Yes, Your Honor. So all you're getting, which is not nothing, is another bite of the apple, basically. Second bite of the apple to make your case out. Yes, I think because the IJ does not have jurisdiction. I understand that. We're just trying to understand as a practical matter, what is it that you're after? We asked this court to remand the case back to the BIA, and the BIA will order the IJ to make a decision and send the case to USCIS for adjudication. So my client will have a second chance on the asylum application. Do you know what would happen within the administrative agency if you do win? And eventually, let's say the asylum officer denies asylum and it comes to an IJ. Will it come back to the same IJ? Yes, if the petitioner applies the asylum with the USCIS asylum office within the jurisdiction of this IJ, that will be the case. Yeah. The IJ has already decided that your client has not told the truth. Yes, Your Honor, but the BIA did not affirm the IJ's adverse credibility determination. The BIA only said, even assuming he is credible, he did not establish eligibility. But aside from that, the point is that if you win before the asylum officer, then you get the asylum. Is that right? Yes, Your Honor. So that's the plus side. Yes, Your Honor. Okay. So then the real question is whether, I mean, the technical question is the BIA looked at this I-213 form and said, you know, that's good enough to show his age. And you're saying what? That they, presumably, could they rely on that despite the other evidence if they considered the other evidence and just said, well, we're just going to believe that this is what he said? Your Honor, first, as I pointed out, the BIA, in his reasoning, already accepted that the petitioner was born in 1989, not 1987. Where did it say that? Because the BIA said this petitioner became 18 years old in August 2007. So he must be born in August 1989. Otherwise, he would be 20 years old in August 2007. I see. So what was the basis for the BIA's ruling? Was the effective date of the statute? Yeah, so that's an erroneous interpretation of the law. I see. So your point is that if the IJ had determined at the hearing that he was under 18 at the time he submitted his application, the IJ should have stopped the proceeding? Yes, Your Honor. And referred the matter to the asylum office. Yes, Your Honor. Is that right? Is that how this works? Yes, Your Honor. Because the asylum office had the exclusive jurisdiction over asylum applications filed by minors. Now, the notion of exclusive jurisdiction, is that embodied in the statute or in a regulation or in a policy statement? In the statute. In the statute. In the TVPRA. Okay. So what did the BIA mean when it then went on and said the respondent in essence disputes the factual finding of the immigration judge that the I-213 properly stated his actual date of birth and age? The immigration judge's factual finding is not clearly erroneous. But under the I-213, he wouldn't have become 18 in August 2007. So now it's completely confused. Yes, Your Honor. I believe it contradicts itself. When the BIA found Peter was born in August 1989, then the BIA also said the IJ's factual finding is correct. But it wouldn't have been correct because he wouldn't have been 18 in 2007 under that. Yes, Your Honor. Why don't we hear from the government and then we'll give you a chance to respond. Thank you, Your Honor. May it please the Court, John Holt for the Attorney General. The issue is, what was the petitioner's birthday? And even more simply, was it 1987 or was it 1989? Let me just start with something. So you're not defending the BIA's conclusion, legal conclusion, that if he was 18 in August 2007, the statute didn't apply to him? We are not. You are not. So the only issue is the date. The only issue is the date. But the BIA was completely contradictory about that. Isn't that the end of it? Don't we have to send it back? Judge Bazeran? Berzon, yes. Berzon, excuse me. The important point is the last sentence of the BIA decision, and that is that the immigration judge was not clearly erroneous. Well, they said that and they also said he became 18 in August 2007. We would say that reading those two sentences in context, what they're saying is that petitioner's assertion that he was born in 1989 would establish that he was 18. And so, therefore, he would not be a beneficiary under the TVPRA. I have another question. Was this question raised – I'm curious about why the IJ even made this determination because I gather that this question of jurisdiction wasn't raised before the IJ. Is that right? This question of jurisdiction was not raised before the IJ. Did the IJ even go into the question of when he turned 18? Well, there were questions of credibility. There were questions regarding the petitioner's identity, his age. And so the immigration judge made factual findings regarding the age of petitioner. And your point – But in doing so, I mean, there were other documents in the record that did support his date, and nobody ever mentioned them. Petitioner asserts that no one ever mentions them on his brief, but that's incorrect. The immigration judge specifically said that he found petitioner not credible for several reasons. And then he states on page 66 of the record, this weakens respondents corroborating evidence significantly. But not with regard to the – not specifically on his age question. Well, the point is that the documents that petitioner relies on and asserts that the immigration judge did not even consider, for example, the Chinese identification record, his notarial certificate, the graduation certificate, and the passport, the reason why he makes that argument is because of age. And so the immigration judge – But that wasn't the focus of the hearing. The focus of the hearing was all this other stuff about what happened to him and his religious issues. But the age was a factor, and the age was a factor because of credibility. And his credibility was relevant to the issue of whether or not his asylum claim had merit. Judge Stanley Sporkin, a district court judge, says that there's a key that unlocks every case. The key – the real problem is to find the key. Well, it seems to me the key here is that the BIA said two contradictory things, you know, all for the end. Well, your comment earlier, Your Honor, that on the record on page – on the record on page 75, on May 2, 2006, under oath in the presence of his counsel, before the immigration judge, petitioner said that he was 18 years old. At that time, he was not in front of a Chinese interpreter. He was not being questioned regarding this matter by an immigration agent at the border. He was – there was no misunderstanding what the question was. But it is so that there is a – that Chinese people will report their age differently. A bigger pardon? It is culturally the case that there is a difference in the concept of how you state your age. Oh, that's perfectly understandable. Right. And the petitioner never asserted that there was a cultural problem that related to an explanation for his age. If he had made that point, then that would be a different fact. It would be before the court. But he never asserted that. So under oath – Are you talking about his appearance before the hearing or at the hearing? At the hearing, Your Honor. At the hearing, under oath, an immigration proceeding – It wasn't under oath, or at least there's no indication that it was under oath at that point. Maybe it was before the – maybe the oath was before the transcript starts, but it doesn't say that. It's on page 75 of the record. I know, but, I mean, I looked and you can't really figure out that it was under oath. Well, we'd say it was in front of the immigration judge and the question was explicit and the answer was explicit. There was another time that a petitioner addressed his age in front of the immigration judge, and at that time he – and that was this judge, and at that time he lied. The day he filed his asylum application on January the 17th, 2007, on page 98 of the record, the immigration judge said, how old are you? And he said, I'm 18 years old. That's absolutely impossible. Either date, 87 or 89, he wasn't 18 years old. It was 89, he was 19 years old. It was 87, he's 17 years old. Unless he believes that he's 18 years old because he was one year old when he was born. Certainly we appreciate that, Your Honor, but, again, there was absolutely no testimony and if the petitioner had relied on that particular point, then it would have been significant. With regard to the corroborating evidence that you asked earlier, we submit that it's significant, as Judge Fletcher pointed out, that the immigration judge made an adverse credibility finding based upon three things. First of all, the inconsistent statements in the petitioner's explanation regarding his statements to the border officer. And the judge just said, you know, there was a Chinese interpreter used and the petitioner admitted on page 170 of the record and 184 that there was an interpreter used. And on page 188 of the record, there was a discussion between counsel about exactly what the petitioner had conceded in his testimony about the use of the interpreter. And the immigration judge at that point affirmed in the presence of counsel that petitioner had admitted and stated that there was an interpreter used. Let's go back. All right. Fine. But there is all this corroborating evidence. And if you have hard documents and you're going to say they're not so, isn't there some obligation to explain why you think they're not so? And the immigration judge did state why they weren't so. Why? He said because petitioner's not credible. What does that mean? Well, the first point I would make is... They're forged or they're fraudulent or what? Well, in this particular case, he said that they're not credible because petitioner asserted that he got the documents from his father. And then the judge immediately addressed the circumstances around the petitioner's communication with his father. Petitioner asserted that he wrote his asylum application entirely by himself with the help of no one. He didn't read his statement to his father. But then when you look at page 423 of the record and 439 of the record, and the immigration judge did look at those pages, they're a word-for-word repetition of petitioner's asylum statement. How do you get a statement from a father written in China... That's fine, but he has a birth certificate. It's either a forged birth certificate or it isn't a forged birth certificate. The point is the immigration judge did not believe petitioner's assertion that he got the documents from his father because he made an adverse credibility... Wherever he got them from, what's the difference? There still has to be something wrong with the document. I think your argument is because the IJ doesn't believe the story about the father and because the IJ doesn't believe the story about he left his passport, lost it in Belize, somebody found it and sent it to his father in China, his father sent it to him, the implicit finding is that the documents are false. Thank you, Judge Fletcher. It's not explicit. That is the point, and Judge Fletcher made the third point, and that is the circumstances surrounding the passport. Petitioner asserted that he left his passport at home in Belize and then someone found the passport in Belize, sent his passport to China, and his father provided the passport. So those are the three circumstances, the statement to the immigration officials, the statement about the passport, and third, the statement about not having any communication with the father, and those three circumstances were the basis of the immigration judge making explicit findings of adverse credibility, and substantial evidence supports that. Now the BIA just assumed that they said even if he's credible... That's on the credibility point, Your Honor, that was relating to the merits of his claim, but now we're talking about the judge's factual finding of what his birthday was. Was it 1987 or 1989? At that point, the immigration judge's adverse credibility finding is significant, and the board said that the judge is not clearly erroneous in that determination. So what we have is we have two pieces of evidence.  And we have an admission in court in front of an immigration judge of a man that's 18 years old as to his age. While there can be some confusion about people regarding age, an 18-year-old we would say would not be. Secondly, we have the petitioners lying in front of the immigration judge with regard to his age and his admission when he came across the border. The corroborating evidence is not credible. Let me ask you this. If we grant the petition and send it back, does he get a second bite at the apple like Judge Berzon said? You asked earlier about whether it's a statute or regulation. Both the statute and the agency's interpretation of the regulation would both say there is jurisdiction in the agency to make a threshold determination as to the merits of the petitioner's asylum claim. So there's no question about that. He would get another determination. And if he gets an adverse determination now from a different asylum officer, do we know what IJ it comes back to? I do not know that particular point, Your Honor. Thank you very much. Thank you. Pardon me? Lose the balance of my time. Okay. Thank you very much. The case of Hay v. Lynch is now submitted for discussion.
judges: Fletcher, Paez, Berzon